**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 12 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASMIK MOVSESYAN, | No. 15-70573 |
| Petitioner, | |
| v. | Agency No. A098-453-147 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District Judge.

Hasmik Movsesyan appeals the Board of Immigration Appeals' ("BIA")

dismissal of her appeal of an Immigration Judge's ("IJ") decision denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John A. Woodcock, Jr., United States District Judge for the District of Maine, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture. This Court reviews each of those denials, as well as adverse credibility determinations, for substantial evidence. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010) (asylum and withholding of removal); *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010) (adverse credibility determination); *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008) (Convention Against Torture). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny Movsesyan's petition for review.

**1.** Substantial evidence supports the IJ's adverse credibility finding. Movsesyan testified inconsistently and vaguely regarding basic facts of claimed harassment by Armenian authorities. These included the number of times she was assaulted, the number of her teeth her assaulters broke, the sequencing of incidents, whether the KGB issued her a death threat, and more. The IJ wrote,

> Respondent was not a credible witness. Although respondent was not a credible witness, the court does not necessarily disbelieve all of her testimony. However, due to the problems with respondent's testimony, the court does not know what parts of her testimony to believe. The court accepts that respondent was a practicing Pentecostal in Armenia. The court also is willing to accept that respondent may have had problems with the authorities in Armenia.

(citation omitted).

Movsesyan contends that this portion of the IJ's opinion somehow undermines the adverse credibility determination. It does not. Movsesyan cites no

2

authority for the proposition that to make an adverse credibility finding, an IJ must disbelieve all of an alien's testimony. If left unsure what to believe, an IJ remains free to discredit the alien's testimony, absent corroboration. *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[8 C.F.R. § 208.13] plainly indicates that if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application"). Here, the IJ correctly noted that Movsesyan failed to present background evidence corroborating her claim that Armenian authorities act in some way against Pentecostals.

In cases predating the REAL ID Act, Pub. L. 109-13, 119 Stat. 302 (2005), an adverse credibility determination must be founded on testimonial inconsistencies that go to the heart of the asylum claim. *Li v. Ashcroft*, 378 F.3d 959, 962, 964 (9th Cir. 2004). Such was the case here. The IJ grounded his adverse credibility finding not on peripheral, minor matters, but on whether she had linked any past persecution to a protected ground. The adverse credibility finding was thus adequately supported and must be upheld.

**2.** The BIA did not err in refusing to consider the psychological report because Movsesyan did not submit it to the IJ, did not present a valid basis for its consideration before the BIA, did not move to remand or reopen, and did not show that it was unavailable and could not have been discovered or presented at the IJ

3

hearing. *See* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.2(c)(1). Furthermore, the BIA properly concluded that the psychologist's report failed to present a justifiable excuse for Movsesyan's inconsistent testimony. The report confirmed that Movsesyan did not have memory problems and explained her inconsistent testimony and "making up (false) stories" by her extreme nervousness during her testimony. The psychologist's report thus buttressed the IJ's finding that her testimony lacked credibility.

3. Because of the adverse credibility determination, the withholding of removal claim also fails. The alien bears the burden of proving a "clear probability," that it is "more likely than not" that she would suffer persecution based on one of the protected grounds upon return. *INS v. Stevic*, 467 U.S. 407, 429-30 (1984); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). This standard is higher than that governing eligibility for asylum. An alien who fails to establish a well-founded fear of persecution for asylum purposes for lack of credible evidence supporting the claim is therefore necessarily ineligible for withholding of removal. *Ghaly*, 58 F.3d at 1428-29.

4. Finally, substantial evidence supports the IJ's conclusion that nothing in the record establishes it is more likely than not that Movsesyan will experience torture upon her repatriation in Armenia. 8 C.F.R. § 1208.16(c)(2); *see Unuakhaulu v. Gonzales*, 416 F.3d 931, 939 (9th Cir. 2005) (stating standard).

4

Movsesyan claims a reasonable belief that Armenian authorities are capable of carrying out threats against her life and the safety of her family. A reasonable belief that authorities are capable of something does not support a conclusion that they are more likely than not to torture her upon her return. Documentary evidence from the Department of State and United Nations High Commissioner for Refugees supports the IJ's conclusion that Movsesyan has not shown it is more likely than not that she will be tortured upon her return to Armenia.

**PETITION FOR REVIEW DENIED.**